**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

_____

In re: DONOVAN III., William J.                    Chapter 13
                                                                           Case # 09-22483-FJB
                    Debtor(s)
_____

### ORDER CONFIRMING CHAPTER 13 PLAN

  The Debtor(s) filed an Amended Chapter 13 Plan (the "Plan") on <u>March 9, 2011.</u> The Debtor(s) filed a Certificate of Service on <u>March 9, 2011</u>, reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

  1.  The Plan is confirmed. The term of the Plan is <u>60</u> months.

  2.  The Debtor(s) shall pay to the Chapter 13 Trustee the sum of <u>$344.62</u> per month commencing <u>February 1, 2010</u> which payments shall continue through the completion of the Plan and shall be made on the <u>1st</u> day of each month unless otherwise ordered by the Court. Payments shall be made by Money Order or Bank Treasurer's check (personal checks will not be accepted) and shall be made payable to and forwarded to: <u>Carolyn A. Bankowski, Chapter 13 Trustee, PO Box 1131 Memphis, TN 38101-1131.</u>

  3.  The effective date of confirmation of the Plan is <u>February 1, 2010.</u> The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed plan are set forth on the attached summary which is incorporated by reference. Interested parties should consult the detailed provisions of the Plan for treatment of their particular claims and other significant provisions of the Plan. Unless otherwise ordered by the court, all property of the estate as defined in U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) only upon discharge. All property of the estate shall remain within the exclusive jurisdiction of the bankruptcy court. The Debtor(s) shall not transfer, sell or otherwise alienate property of the estate other than in accordance with the confirmed plan or other order of the bankruptcy court. The debtor shall be responsible for preserving and protecting property of the estate.

  Dated: _____     _____ 05/24/2011
                  United States Bankruptcy Judge

EM

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

_____

In re: DONOVAN III., William J.                    Chapter 13
                                                                    Case # 09-22483-FJB
                    Debtor(s)

_____

**SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN**

    **1.**    **Modified Secured Claims**

NONE
_____

    **2.**    **Unmodified Secured Claims**

a) GMAC Mortgage is retaining its lien on 4 Joseph Pace Rd., Medfield, MA. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with GMAC Mortgage outside of the Plan.

b) HSBC Bank (Best Buy) is retaining its lien on purchased goods. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with HSBC outside of the Plan.

c) HSBC Bank/Yamaha is retaining its lien on the 2008 Yamaha dirtbike. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with HSBC outside of the Plan.

d) North Easton Savings Bank is retaining its lien on 4 Joseph Pace Rd., Medfield, MA. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with North Easton Savings Bank outside of the Plan.

e) Rockland Federal Credit Union is retaining its lien on the 2002 Cadillac DeVille. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Rockland Federal Credit Union outside of the Plan.
_____

    **3.**    **Priority Claims**

NONE
_____

    **4.**    **Administrative Claims**

NONE
_____

EM

**5.    Unsecured Claims**

The holders of unsecured claims totaling $73,938.02* shall receive a dividend of no less than 25.169 %.

* This sum includes the student loan of Wells Fargo Collegiate Loan in the sum of $3,750.00.
_____

**6.    Other Pertinent Provisions**

NONE

EM

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

_____

In re: DONOVAN III., William J.                    Chapter 13
                                                                        Case # 09-22483-FJB
                    Debtor(s)
_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within proposed order of confirmation was served upon the Debtor, Debtor's counsel of record and all parties and attorneys who have filed appearances and requests for service of pleadings, per the following service list, by first class mail, postage prepaid.

Dated: April 19, 2011                                      Respectfully submitted,

                                                                        By: **/s/ Carolyn Bankowski**
                                                                        Carolyn Bankowski, BBO# 631056
                                                                        Patricia A. Remer, BBO #639594
                                                                        Office of the Chapter 13 Trustee
                                                                        P.O. Box 8250
                                                                        Boston, MA 02114
                                                                        617-723-1313
                                                                        **13trustee@ch13boston.com**

## SERVICE LIST

| | |
|---|---|
| William Donovan, III | Mass Dept of Revenue/CSE |
| 4 Joseph Pace Road | Attn: Gale Erb |
| Medfield, MA 02052 | Child Support Enforcement Division |
| | P.O. Box 9561 |
| Wayne Gilbert, Esq. | Boston, MA 02114 |
| Gilbert Law Offices, P.C. | |
| 549 Columbian Street | Paul Mulligan, Esq. |
| Suite 318 | PO Box 962169 |
| Weymouth, MA 02190 | 45 School Street |
| | Boston, MA 02196 |

EM

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

FIRST AMENDED CHAPTER 13 PLAN COVER SHEET

Filing Date: 12/29/2009

Docket #: 09-22483

Debtor: William J. Donovan, III

Co-Debtor: _____

SS#: 9901

SS#: _____

Address: 4 Joseph Pace Road
Medfield, MA 02052

Address: _____

Debtor's Counsel: Wayne V. Gilbert

Address: Gilbert Law Offices, P.C.
549 Columbian Street, Suite 318
Weymouth, MA 02190

Telephone #: 781-340-9505

Facsimile #: 781-340-9504

Email Address: wgilbert@attorneygilbert.com

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

OFFICIAL LOCAL FORM 3

PRE-CONFIRMATION FIRST AMENDED CHAPTER 13 PLAN

Docket #: __09-22483__

DEBTORS: (H)   __William J. Donovan, III__     SS#   __9901__

### I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $__344.62__ for the term of:

- ☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- ☑ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
- ☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____ ; or

- ☐ ____ Months. The Debtor states as reasons therefore:

_____

### II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of claim |
|---|---|---|
| **NONE** | | $ |

Total of secured claims to be paid through the Plan:   $ _____

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **GMAC Mortgage** | 4 Joseph Pace Road, Medfield, MA 02052 |
| **HSBC Bank (Best Buy)** | PMSI |
| **HSBC/Yamaha** | 2008 Yamaha dirtbike |
| **North Easton Savings Bank** | 4 Joseph Pace Road, Medfield, MA 02052 |
| **Rockland Federal Credit Union** | 2002 Cadillac DeVille 77,339 miles |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **NONE** | | $ |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of ;
**NONE**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of .
**NONE**

iii. The arrears under the lease to be paid under the plan are **None.** .

III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| NONE | | $ |

B. Other:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| NONE | | $ |

Total of Priority Claims to Be Paid Through the Plan: $ _____

IV ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):  $ **0.00**

B. Miscellaneous fees:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| NONE | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of  **25.169**  % of their claims.

A. General unsecured claims      $ **70,188.02**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| NONE | | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **Wells Fargo Collegiate Loan** | **student loan** | $ **3,750.00** |

Total of A + B + C unsecured claims: =      $ **73,938.02**

D. Multiply total by percentage:      $ **18,609.48**

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| NONE | | $ |

Total amount of separately classified claims payable at _____ %    $ _____

## VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan:
**None.**

B. Miscellaneous Provisions:
**None.**

Priority: _____

Unsecured: _____

Term: _____

Plan Payment: _____

## VII. CALCULATION OF PLAN PAYMENT

a) Secured claims (Section II-A Total):              $   0.00
b) Priority claims (Section III-A & B Total):        +$   0.00
c) Administrative claims (Section IV-A&B Total):     +$   0.00
d) Regular unsecured claims (Section V-D Total):     +$  18,609.48
e) Separately classified unsecured claims:           +$   0.00
f) Total of a + b + c + d + e above:                 =$  18,609.48
g) Divide (f) by .90 for total including Trustee's fee:
                                         Cost of Plan  =$  20,677.20

(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Divide (g) Cost of Plan by Term of plan:          ÷   60   months

I) Round up to nearest dollar: Monthly Plan Payment  =$  344.62
(Enter this amount on page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **4 Joseph Pace Road**<br>**Medfield, MA 02052** | $ 390,000.00 | $ 233,212.48 |

Total Net Equity for Real Property:     $ 156,787.52

Less Total Exemptions (Schedule C):     $ 156,787.52

Available Chapter 7:     $ 0.00

B. Automobile (Describe year, make, model):

| Description | Value | Lien | Exemption |
|---|---|---|---|
| 2002 Cadillac DeVille 77,339 miles | $ 5,415.00 | $ 5,931.58 | $ |
| 1996 GMC Suburban 1500 Sport Utility 161,616 mil | $ 2,890.00 | $ 0.00 | $ |
| 1995 Ford Taurus 152,692 miles | $ 900.00 | $ 0.00 | $ 700.00 |
| 1995 Mercury Mystique GS 77,730 miles | $ 895.00 | $ 0.00 | $ |
| 1999 Harley-Davidson FXDWG 23,462 miles | $ 7,140.00 | $ 0.00 | $ |
| 2008 Yamaha dirtbike | $ 1,735.00 | $ 1,428.74 | $ |

Total Net Equity:     $ 12,131.26

Less Total Exemptions (Schedule C):     $ 700.00

Available Chapter 7:     $ 11,431.26

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Value: $ 68,928.96                              Less Exemptions (Schedule C):    $ 64,132.58

Total Net Equity:                               $ 68,928.96

Less Total Exemptions (Schedule C):             $ 64,132.58

Available Chapter 7:    $ 4,796.38

D. SUMMARY (Total amount available under chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ 16,227.64

E. Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Wayne V. Gilbert                            March 7, 2011

**Wayne V. Gilbert**                            Date
Debtor's Attorney

Attorney's Address:    **Gilbert Law Offices, P.C.**
                       **549 Columbian Street, Suite 318**
                       **Weymouth, MA 02190**

Tele. # **781-340-9505**                        Email Address: **wgilbert@attorneygilbert.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

/s/ William J. Donovan, III                     March 7, 2011

**William J. Donovan, III**                     Date

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: William J. Donovan, III

Debtor.

Case No.: 09-22483
Chapter 13

### CERTIFICATE OF MAILING

I, Wayne V. Gilbert, Attorney for Debtor, William J. Donovan, III, hereby certify that true copies of the foregoing Debtor's First Amended Chapter 13 Plan was served via the United States Bankruptcy Court's CM/ECF filing system or by mail to all persons in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail, postage prepaid, on this 7th day of March, 2011.

By: /s/ Wayne V. Gilbert
Wayne V. Gilbert
Gilbert Law Offices, P.C.
549 Columbian Street, Suite 318
Weymouth, MA 02190
(781) 340-9505
BBO# 640986

Office of the United States Trustee
J.W. McCormack Post Office & Courthouse
5 Post Office Square
Boston, MA 02109

Carolyn Bankowski, Esquire
Chapter 13 Trustee
P.O. Box 8250
Boston, MA 02114

I certify that I have mailed by first class mail, postage prepaid, the documents electronically filed with the Court on the following non-CM/ECF participants:

Bank of America
c/o FIA Card Services
1000 Samoset Drive
DE5-023-03-03
Newark, DE 19713

Best Buy/HSBC
c/o Bass & Associates, P
3936 E. Ft. Lowell
Suite 200
Tucson, AZ 85712

Chase Bank/JPMorgan
c/o Resurgent Capital Sv
P.O. Box 10587
Greenville, SC 29603

Citi Cards/Citibank
c/o PRA Receivables
P.O. Box 12914
Norfolk, VA 23541

Comcast
Box 6505
Chelmsford, MA 01824

GEMB/Care Credit
P.O. Box 960061
Orlando, FL 32896

GEMB/Lowes
c/o PRA Receivables Mgmt
P.O. Box 12914
Norfolk, VA 23541

GMAC Mortgage
3451 Hammond Ave.
Waterloo, IA 50702

GMAC Mortgage, LLC
c/o Orlans Moran PLLC
P.O. Box 962169
Boston, MA 02196

Heather Donovan
4 Joseph Pace Rd.
Medfield, MA 02052

Home Depot/Citibank
c/o Capital Mgmt. Servic
726 Exchange St., Ste. 7
Buffalo, NY 14210

Home Depot/Citibank
c/o PRA Receivables
P.O. Box 12914
Norfolk, VA 23541

HSBC Bank (Best Buy)
c/o Bass & Assoc., P.C.
3936 E. Ft. Lowell
Suite 200
Tucson, AZ 85712

HSBC/Yamaha
c/o Bass & Associates, P
3936 E. Ft. Lowell
Suite 200
Tucson, AZ 85712

Linda R. Donovan
4 Joseph Pace Road
Medfield, MA 02052

Navy Federal Credit Unio
P.O. Box 3000
Merrifield, VA 22119

Newton-Wellesley Hospita
Patient Financial Svcs.
P.O. Box 3722
Boston, MA 02241

North Easton Savings Ban
295 Main Street
North Easton, MA 02356

NSTAR
P.O. Box 4508
Woburn, MA 01888

Rockland Federal Credit
241 Union St.
Rockland, MA 02370

Rockland Federal Credit
241 Union Street
Rockland, MA 02370

Sears/Citibank
c/o Northland Group, Inc
P.O. Box 390905
Minneapolis, MN 55439

Sears/Citibank
c/o PRA Receivables
P.O. Box 12914
Norfolk, VA 23541

Wells Fargo Collegiate L
Wells Fargo Educ. Fin. S
301 E. 58th Street N
Sioux Falls, SD 57104